# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### CASE NO. 16-CV-06203-KBF

**UNION CAPITAL LLC**, a New York
Limited Liability Company,

      Plaintiff,

v.

**5BARZ INTERNATIONAL INC**., a Nevada
Corporation

      Defendant.

_____/

 

**5BARZ INTERNATIONAL INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE FOR A CONSOLIDATED TRIAL ON THE MERITS, OR IN THE ALTERNATIVE FOR PARTIAL SUMMARY JUDGMENT**

Defendant 5BARZ International, Inc. ("**Defendant**" or "**5BARZ**"), through the undersigned counsel,  respectfully submits this Memorandum of Law, together with the Declaration of Mark Geoghegan, dated September 16, 2016 (the "**Geoghegan Declaration**"), in opposition to the application by Plaintiff Union Capital LLC ("**Plaintiff**" or "**UNION**") for injunctive relief and partial summary judgment on the claims of specific performance and permanent injunction.

## PRELIMINARY STATEMENT

In this action, UNION is seeking "[i]mmediate injunctive relief, or alternatively, an expeditious trial on the merits or summary judgment." [ECF No. 1 at Page 2]. To support its position, UNION oversimplifies the issues and defenses in this case, and spuriously claims that that there are no material facts in dispute because 5BARZ has consented to all of the relief UNION is now seeking.

UNION fails to point out to the Court that 5BARZ has filed an Answer and Affirmative Defenses in this action that denies all of the major substantive allegations asserted by UNION in the Complaint [ECF No. 15]. Those same substantive allegations, that have been denied by 5BARZ, form the basis for the relief UNION is now seeking. Further, UNION fails to point out to the Court that 5BARZ has asserted twelve (12) affirmative defenses to UNION's causes of action, including, but not limited to, UNION's unclean hands, UNION's failure to satisfy conditions precedent, and this Court lacking jurisdiction as the purported Note provides that the parties "consent to jurisdiction and venue in the courts of the State of New York." [ECF No. 1-1 at Page 2].

Further, an injunction is a drastic remedy that should not be routinely granted; a mandatory injunction — not just to preserve the status quo, but to obtain ultimate relief — requires an even

higher burden. UNION must establish irreparable harm, a substantial likelihood of success on the merits, a balance of hardships tipping in its favor, and that the injunction is in the public interest. UNION fails to demonstrate any of these elements. UNION fails to demonstrate that it will suffer "actual and imminent" harm that cannot be remedied by money damages; UNION fails to demonstrate that it has a substantial likelihood of success on the merits; UNION fails to demonstrate that the balancing of equities and the public interest tips in its favor. Overall, in considering the facts in the light most favorable to 5BARZ, it is evident that UNION fails to meet its high burden of proving it is entitled to the extraordinary relief it seeks, especially in light of the numerous material facts 5BARZ exposes in dispute through the Geoghegan Declaration.

## **FACTUAL BACKGROUND**

The essential facts to this opposition response are set forth in the accompanying Geoghegan Declaration, which highlights the numerous material facts in dispute and provides further evidence that UNION is not entitled to the extraordinary relief it is seeking in this action. Further, it should be noted that this Court declined to issue an order to show cause in this action due to its nature as a contract dispute [ECF No. 13].  Further, as discussed in the Geoghegan Declaration, this Court should be made aware that, just a few months ago, the Honorable Richard Sullivan denied UNION substantially the same requested relief in a similar case, *Union Capital LLC v. Vape Holdings Inc. & Island, et al.* [Case No. 16-CV-1343 (RJS)].[1]

---

[1] *See* March 9, 2016 Court Order.

<u>**ARGUMENT**</u>

**I.    <u>UNION IS NOT ENTITLED TO INJUNCTIVE RELIEF</u>**

A plaintiff seeking a preliminary injunction must establish: (1) irreparable harm; (2) either a likelihood of success on the merits or sufficiently serious questions as to the merits plus a balance of hardships that tips decidedly in their favor; (3) that the balance of hardships tips in their favor regardless of the likelihood of success; and (4) that an injunction is in the public interest. *See, e.g., Gen. Mills, Inc. v. Chobani, LLC*, No. 3:16-CV-58, 2016 WL 356039, at *5 (N.D.N.Y. Jan. 29, 2016); *Marblegate Asset Mgmt. v. Educ. Mgmt. Corp.*, 75 F.Supp.3d 592, 604 (S.D.N.Y.2014). A preliminary injunction is a drastic remedy that should not be routinely granted. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). This circuit has imposed a higher standard on a movant where, like in the instant case, "(i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits." *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 28, 33-35 (2d Cir. 1995)

**A.    UNION HAS NOT DEMONSTRATED A SUBSTANTIAL RISK OF IRREPARABLE HARM OR THAT MONEY DAMAGES ARE <u>INADEQUATE</u>**

Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 113 (2d Cir. 2009) (citing *Rodriguez ex. Rel. Rodriguez v. DeBuono*,175 F.3d 227, 234 (2d Cir. 1999)). Irreparable harm cannot be remote or speculative, but, rather, an injury that is actual and imminent, and "for which a monetary award cannot be adequate compensation." *Tom Doherty Associates, Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (citing *Jackson Dairy, Inc. v. H.P. Hood &*

*Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979)); *see also see Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) ("Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."). Plaintiff is required to make a showing supportable by facts that it will suffer "harm that cannot be prevented or fully rectified by the final judgment after trial." *Fireman's Ins. Co. of Newark N.J. V. Keating*, 753 F. Supp. 1146, 1152 (S.D.N.Y. 1990) (quoting *Roland Mach. Co. v. Dresser Inds., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)). If the movant fails to make a showing of irreparable harm, the motion for a preliminary injunction must be denied. *See Rodriguez*, 175 F.3d at 234.

In the instant action, rather than providing the Court undisputed facts as to why it is there is a clear showing of irreparable harm, UNION simply argues that cases involving convertible notes permit injunctive relief; however, UNION's reliance on such case law is misguided. UNION places emphasis on *Laurus Master Fund, Ltd. v. Versacom International, Inc.*, No. 02 Civ. 5340, 2003 WL 21219791, at *3 (S.D.N.Y. May 21, 2003) to support its position that a breach of a convertible note through a failure to deliver shares permits the Court to grant a preliminary injunction. However, the court in *Laurus* only awarded specific performance of a defendant's contractual commitment to convert notes into common stock "[b]ecause there [were] insufficient outstanding shares for [plaintiff] to purchase all of the shares owing to it under the financing agreements on the open market." *Laurus* at *4. In stark contrast to *Laurus* – where the defendant only had 29,803,286 shares outstanding, while plaintiff claimed a right to 34,000,000 shares – 5BARZ had more than 232 million  shares available on the over-the-counter market on the OTCQB as of July 21, 2016 , while UNION alleges that it is entitled to 4,299,689 shares. Geoghegan Declaration ¶ 13. UNION's misguided reliance on *Laurus* only highlights that

UNION actually does have an adequate remedy at law and is unable to establish all of the elements necessary for a preliminary injunction.

Here, UNION has not demonstrated – and cannot – that it has any risk of any actual, imminent harm, let alone any actual, imminent harm that could not adequately be remedied with monetary damages. All UNION has cited are speculative contingencies and claims of insolvency, which do not constitute "irreparable harm." *See Helios & Matheson N. Am., Inc. v. Vegasoft Oy*, 07 CIV. 3600 (PAC), 2007 WL 1541204, at *3 (S.D.N.Y. 2007) (denying preliminary injunction absent evidence, and based only on plaintiff's speculation, that plaintiff would lose business as result of defendant's alleged breach); *Jam. Ash & Rubbish Removal Co. v. Ferguson,* 85 F. Supp. 2d 174, 182 (EDNY 2000) (claimed "irreparable harm" too speculative to support preliminary injunctive relief where allegations of threatened harm were based on "what if" scenarios). Although "monetary injury" is usually insufficient to warrant injunctive relief, "courts have excepted from the general rule regarding monetary injury situations involving obligations owed by insolvents." *Brenntag Intern. Chemicals, Inc. v. Bank of India*, 175 F.3d 245 (2d Cir. 1999); *see also Castle Creek Tech. Partners, LLC v. CellPoint Inc.*, 02 CIV. 6662 (GEL), 2002 WL 31958696 (S.D.N.Y. 2002). However, Courts in this circuit have held parties moving for preliminary injunctions to a "high standard" in demonstrating "current or imminent insolvency" at the preliminary injunction stage. *WestLB AG v. BAC Florida Bank*, 11 CIV. 5398 LTS AJP, 2012 WL 3135825, at *5 (S.D.N.Y. 2012). The primary reason for the high standard is because "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). There are numerous examples of courts denying applications for preliminary injunction even when undisputed evidence reveals a defendant in a very weak

financial condition. *See, e.g., Meringolo v. Power2ship*, 03 CIV.4476 PKL, 2003 WL 21750009 (S.D.N.Y. 2003) (finding no irreparable harm, notwithstanding plaintiff's allegations that defendant, a "development stage company," had generated virtually no revenue, had never earned a profit, and was being drained of its assets); *Gen. Transp. Services, Inc. v. Kemper Ins. Co.*, 5:03-CV-620, 2003 WL 21703635 (N.D.N.Y. 2003) (finding no irreparable harm, notwithstanding defendant's default on $700 million of its notes, credit-rating downgrade, investigation by regulatory agencies, and substantially reduced workforce).

Accordingly, UNION has not shown irreparable harm sufficient to warrant the extraordinary relief requested.

## B. UNION HAS NOT ESTABLISHED A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

Before this Court may grant a preliminary injunction, UNION must show a substantial likelihood of success on the merits, rather than merely a likelihood of success. This is rightly so, because UNION is seeking a mandatory, rather than prohibitory, injunction, which in essence gives UNION all of its requested relief. *See Johnson v. Kay*, 860 F.2d 529, 540 (2d Cir. 1988). UNION has not and cannot demonstrate a substantial likelihood of success on the merits.

5BARZ has substantial defenses this motion and all of UNION's causes of action, including, but not limited to, the Note violates New York's usury laws, UNION having unclean hands, and UNION failing to comply with conditions precedent. Further, the Geoghegan Declaration submitted in support of this opposition response highlights factual disputes that impact UNION's claims and refute UNION's allegations.

5BARZ is entitled to an opportunity to force UNION to prove the merits of its extraordinary claims and defend against UNION's spurious allegations. UNION's attempt to obtain extraordinary

relief on a short timeline and without the benefit of discovery is a tactic to hamstring a financially disadvantaged 5BARZ and to avoid scrutiny of UNION's legally and factually suspect claims. Based on the record evidence, UNION has not established that UNION has a substantial likelihood of success on the merits.

### C.   THE BALANCE OF EQUITIES AND PUBLIC INTEREST WEIGHS STRONGLY IN FAVOR OF 5BARZ

In the instant action, equitable and public interest favors of 5BARZ. "Whenever a request for a preliminary injunction implicates public interests, a court should give some consideration to the balance of such interests in deciding whether a plaintiff's threatened irreparable injury and probability of success on the merits warrants injunctive relief." *Time Warner Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 929 (2d Cir.1997). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987)).

If the Court grants Plaintiff the extraordinary mandatory injunctive relief it seeks, 5BARZ and its shareholders will suffer irreparable injury. UNION's actions are predatory in nature and seek to take advantage of companies acting in good faith to obtain short-term funding, with loans that contain financially ruinous penalty provisions that benefit UNION at the expense of the companies, the companies' good-faith investors, and the companies' good-faith creditors. As asserted in 5BARZ Answer and Affirmative Defenses, UNION has behaved inequitably, and cannot claim that the balance of equities weighs in its favor. This is especially so because UNION is seeking to short-circuit the normal dispute resolution process and obtain immediate relief that would damage innocent parties — not only 5BARZ, whose only alleged fault is a purported violation of arguably usurious and overreaching agreements, but also 5BARZ's many investors and creditors,

who have made investments and extended credit in good faith.

###### D.      UNION SHOULD NOT BE EXCUSED FROM POSTING A SUBSTANTIAL BOND

A preliminary injunction is not effective unless the applicant posts a bond in an amount deemed adequate by the Court. *See* Fed. R. Civ. P. Rule 65(c). *See also Corning Inc. v. PicVue Elecs., Ltd*., 365 F.3d 156, 158 (2d Cir. 2004). "The amount [of the bond] should reflect 'the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.'" *Anacomp, Inc. v. Shell Knob Servs., Inc.*, 1994 WL 9681, at * 15 (SDNY Jan. 10, 1994).

In opposition, UNION will assert that the purported Note and Securities Purchase Agreement contain a bond waiver; however, such contractual language is not determinative. Only extraordinary circumstances justify an injunction without a bond. UNION seeks extraordinary relief and if the Court grants such relief, the bond should be substantial to protect 5BARZ at a level commensurate with the extraordinary relief the Court would be granting to UNION, especially considering 5BARZ contests the amount of shares UNION is claiming. *See* Geoghegan Declaration ¶ 13.

## II.      UNION IS NOT ENTITLED TO PARTIAL SUMMARY JUDGMENT

Fed. R. Civ. P. 56 authorizes summary judgment when the pleadings and supporting materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. *Id*. ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment."). The Court's focus in reviewing a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252.

The moving party bears the initial burden under Fed. R. Civ. P. 56(c) of demonstrating the absence of a genuine issue of material fact. *Opals on Ice Lingerie v. Body Lines Inc.,* 320 F.3d 362, 367-68 (2d Cir.2003) (quoting *Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co.,* 303 F.3d 419, 423 (2d Cir.2002)). Once the moving party satisfies this burden, the burden shifts to the party opposing the motion to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex v. Catrett*, 477 U.S. 317, 324 (1986). A factual dispute is genuine only if the evidence is such that a reasonable fact finder could return a verdict for the non-moving party. *Opals on Ice Lingerie v. Body Lines Inc.,* 320 F.3d 362, 368 (2d Cir.2003) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 247-48 (1986)). When considering a summary judgment motion, a district court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute." *Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317, 1320 (2d Cir.1975) (citing *Adickes v. Kress & Co.,* 398 U.S. 144, 157 (1970); *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)); *accord LaFond v. Gen. Physics Servs. Corp.,* 50 F.3d 165, 171 (2d Cir.1995) ("'The inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion."'(quoting *Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 36 (2d Cir.1994))); *Patrick v. LeFevre,* 745 F.2d 153, 158 (2d Cir.1984). If there exists "any evidence in the record from which a reasonable inference could be drawn in favor of the

non-moving party on a material issue of fact, summary judgment is improper." *Holt v. KMI-Continental, Inc.,* 95 F.3d 123, 129 (2d Cir.1996) (emphasis added).

Based on the foregoing standard, UNION's motion for partial summary judgment on its claims for specific performance and a permanent injunction should be denied as a matter of fact and law.

## A.   THE COURT SHOULD DENY UNION'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS CLAIM FOR RELIEF OF SPECIFIC PERFORMANCE (FIRST CLAIM OF RELIEF)

Under New York law, a party seeking specific performance must demonstrate that (1) there is a valid contract; (2) the moving party has substantially performed under the contract and is willing and able to perform its remaining obligations; (3) the opposing party is able to perform its obligations; and (4) the moving party has no adequate remedy at law. See *Laurus Master Fund, Ltd. v. Versacom Int'l, Inc.,* No. 02 Civ. 5340, 2003 WL 21219791, at *3 (S.D.N.Y. May 21, 2003). The instant action does not fall within the community of cases where specific performance is a proper remedy because UNION is unable to satisfy all four (4) required elements. Further, there are numerous disputes over materials facts the preclude the granting of summary judgment, including, but not limited to, whether UNION substantially performed under the contract and the existence and availability of monetary damages to compensate UNION for 5BARZ purported breach.

"In general, specific performance will not be ordered where money damages 'would be adequate to protect the expectation interest of the injured party.'" *Sokoloff v. Harriman Estates Dev. Corp.,* 754 N.E.2d 184, 188 (N.Y.2001) (quoting Restatement (Second) of Contracts § 359(1) (1981)). Rather, specific performance is a proper remedy "where 'the subject matter of

the particular contract is unique and has no established market value.'" *Id.* (citing *Van Wagner Adv. Corp. v. S & M Enters.,* 492 N.E.2d 756, 760 (N.Y.1986)).

UNION incorrectly asserts that it has no adequate remedy at law, and it supports such baseless position through a misguided reliance on *Laurus Master Fund, Ltd. v. Versacom Int'l, Inc.,* No. 02 Civ. 5340, 2003 WL 21219791, at *3 (S.D.N.Y. May 21, 2003) and *Goddard v. Gladstone,* 137 N.Y.S.2d 393, 395 (Sup.Ct.1955). UNION attempts to convince this Court that because UNION purportedly had a right of conversion for shares under a note that such share conversions automatically place UNION into a realm where there is no adequate remedy at law. Such a position is incorrect, disingenuous, and a seemingly deliberate mischaracterization of the holdings in *Laurus* and *Goddard*.

In *Laurus*, for example, the court awarded specific performance of a defendant's contractual commitment to convert notes into common stock based on a finding that the plaintiff lacked an adequate remedy at law "[b]ecause there [were] insufficient outstanding shares for [plaintiff] to purchase all of the shares owing to it under the financing agreements on the open market." *Laurus* at *4. Specifically, the defendant issuer in *Laurus* had 29,803,286 shares outstanding, while plaintiff claimed a right to 34,000,000 shares. *Id.* at *4 & n. 1. By contrast, in the instant action, as of July 21, 2016, 5BARZ had more than 232 million  shares outstanding on the over-the-counter market on the OTCQB, while UNION alleges that it is entitled to 4,299,689 share. UNION's misguided reliance on *Laurus* only highlights that UNION actually does have an adequate remedy at law and is unable to establish all of the elements necessary for a claim of specific performance. *See* Geoghegan Declaration ¶ 13.

Likewise, in *Goddard*, relied upon by UNION, a court denied defendant's motion to dismiss an equity action for specific performance of a contract to deliver 12,500 shares of

common stock because plaintiff properly had alleged that "the 25,000 shares of the common stock of [the stock at issue] are not marketable, have no known or ascertainable market value and cannot be traded on the American Stock Exchange—and thus that he has no adequate remedy at law." Here, 5BARZ shares are marketable, have an easily ascertainable market value, and can be traded on the over-the-counter market on the OTCQB. UNION's citing of *Goddard* does not bolster UNION's request for partial summary judgment, but actually exposes that UNION is not entitled to summary judgment because it does not present a set of undisputed facts consistent with the body of cases where specific performance is a proper remedy.

UNION also asserts that specific performance is appropriate because the purported Note contains a provision permitting injunctive relief and that such provision is "an admission" by 5BARZ.  However, UNION makes yet another misrepresentation to the Court and deceivingly misstates the law on that same principle. Specifically, UNION asserts that the section 5(l) of the Note contains the following language:

> Buyer shall be entitled…to an injunction or injunctions restraining, preventing or curing any breach of this Agreement and to enforce specifically the terms and provisions hereof, without the necessity of showing economic loss and without any bond or other security being required.

(ECF No. 11 at Page 22). The aforementioned language is not actually contained in the Note at all, but rather is contained the purported Securities Purchase Agreement. Unsurprisingly, UNION leaves out the most important language of the provision, which is that "the Buyer shall be entitled…to all other available remedies at law or in equity."

UNION argues that the inclusion of injunctive relief in the aforementioned remedies provision amounts to an admission by 5BARZ that specific performance should be granted by this Court. To bolster its position, UNION relies on two primary cases: *Ticor Title Ins. Co. v.*

*Cohen*, 173 F.3d 63, 69 (2d Cir. 1999) and *Alpha Capital Aktiengesellschaft v. Advanced Viral Research Corp.*, 02 CV 10237 (GBD), 2003 WL 328302, at *5 (S.D.N.Y. 2003).  *Ticor Title Ins. Co. v. Cohen* has no relevance to the instant case in that it is about an employment agreement, and, further, it was indicated that the inclusion of injunctive relief in a remedies provision "might arguably be viewed as an admission," but no definitive ruling is made that such inclusion is an admission entitling a party to specific performance.  Further, "a conclusory contract provision alone cannot establish irreparable harm." *Ardis Health, LLC v. Nankivell*, No. 11-cv-5013 (NRB) 2011 WL 4965172, at *3 (S.D.N.Y. Oct. 19, 2011); *see also Baker's Aid v. Hussman Foodserv*. Co. 830 F. 2d 13, 16 (2d Cir. 1987) (finding that "contractual language declaring money damages inadequate in the event of a breach does not control the question whether preliminary injunctive relief is appropriate.") Likewise, *Alpha Capital Aktiengesellschaft v. Advanced Viral Research Corp*. is also inapplicable to the current case in that the remedies provision in that case only concerned injunctive relief, where the remedies provision of the purported Securities Purchase Agreement in the instant case makes specific reference to UNION having "all other available remedies at law or in equity."  Further, the Note upon which UNION brings its claims makes no reference to injunctive relief or specific performance, and rather indicates UNION is entitled to "rights or remedies afforded by law." *See* [ECF No. 1-1 at Page 5].

For the foregoing reasons, the instant action does not fall within the heartland of cases where specific performance is a proper remedy, let alone a proper remedy at the summary judgment stage when so many material facts are in dispute.

**B.    THE COURT SHOULD DENY UNION'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS CLAIM FOR RELIEF OF PERMANENT INJUNCTION (FOURTH CLAIM OF RELIEF)**

UNION is inviting this Court to commit reversible error by asking this Court to grant a permanent injunction on the grounds asserted in its preliminary injunction request. In total, UNION dedicates less than one page of its summary judgment argument for this claim for permanent injunction. However, in that one page, UNION disregards law and procedure by specifically inviting the Court to accept the facts and arguments asserted in its request for a preliminary injunction. UNION even goes as far as to state "[t]he Court is respectfully referred to Point I [the request for preliminary injunction] above for a full discussion." [ECF 11 at Page 23]. By referring the Court to its preliminary injunction argument as the primary grounds for the permanent injunction, UNION is opening the door for err and asking the Court to commit it by disregarding principles of law and procedure.

The law is inapposite to principles asserted and argued by UNION in its motion for partial summary judgment, as "the function of preliminary injunctions, forbid the granting of summary judgment on the basis of the determination of a preliminary injunction motion." *Sec. & Exch. Comm'n v. N. Am. Research & Dev. Corp.*, 59 F.R.D. 111, 113 (S.D.N.Y. 1972). Even if the Court accepted the facts and law found in a preliminary injunction motion settled – which it cannot – the Court still could not grant summary judgment for the requested relief of a permanent injunction on those same facts and law, as such facts and law only establish a prima facie case, not an undisputed case. *Id*. Some courts have approved the consideration of testimony at preliminary injunction hearings as evidence for summary judgment motions, but this is vastly different that permitting the facts argued for the preliminary injunction and the findings on such request to be conclusive for purposes of summary judgment. *Id*.

Even if the Court performs a full analysis of the viability of a permanent injunction based on UNION's preliminary injunction request – which the law and procedure indicates it should not – summary judgment would still be improper. According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010).  As noted above, there are disputed material facts in this action that preclude the granting of summary judgment, which include, but are not limited to, the availability of remedies at law and the lack of an irreparable injury. Specifically, the facts indicate that UNION has an available remedy at law because, as of July 21, 2016, 5BARZ had more than 232 million shares outstanding on the over-the-counter market on the OTCQB, and UNION alleges that it is only entitled to 4,299,689 of those shares. Geoghegan Declaration ¶ 13. The instant action simply does not fall within the gamut of cases where a permanent is a proper remedy.

## CONCLUSION

Defendant 5BARZ International, Inc. respectfully requests that this Honorable Court deny Plaintiff Union Capital LLC's Motion for preliminary injunction and partial summary judgment and grant any other relief the Court deems just and proper. Simply put. UNION has failed to make any of the proper factual and legal showings necessary to demonstrate its request for extraordinary relief and summary judgment should be granted.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served through the Court's CM/ECF system on all counsel or parties of record on the attached service list, this 16th day of September 2016.

Respectfully submitted,

*Counsel for Defendant*

*/s/ Sheryl Mintz Goski*
**Sheryl Mintz Goski, Esq.**
Registration No. 2072189
**LAW OFFICES SHERYL MINTZ GOSKI, P.A.**
30 Columbia Tpke
PO Box 479
Florham Park, NJ 07932-2253
Tel: 973-520-8520
Fax: 973-629-1234
sgoski@goskilaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO. 16-CV-06203-KBF**

**LAW OFFICE OF JEFFREY FLEISCHMANN PC.**
*Counsel for Plaintiff*
65 Broadway, Suite 842
New York, N.Y. 10003
Phone: 646) 657-9623
Fax: (646) 351-0694
**Jeffrey Fleischmann, Esq.**
JF- 3172
JF@lawjf.com

**LAW OFFICES SHERYL MINTZ GOSKI, P.A.**
*Counsel for Defendant*
30 Columbia Tpke
PO Box 479
Florham Park, NJ 07932-2253
Tel: 973-520-8520
Fax: 973-629-1234
**Sheryl Mintz Goski, Esq.**
Registration No. 2072189
sgoski@goskilaw.com