UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 16-CV-06203-KBF

**UNION CAPITAL LLC**, a New York
Limited Liability Company,

    Plaintiff,

v.

**5BARZ INTERNATIONAL INC.**, a Nevada
Corporation

    Defendant.

_____/

## SWORN DECLARATION OF MARK GEOGHEGAN

MARK GEOGHEGAN being duly sworn, does hereby affirm under penalty of perjury pursuant to 28 U.S.C. §1746, as follows:

1. I am the Director of Finance of Defendant 5BARZ International, Inc. ("**Defendant**" or "**5BARZ**")

2. I am of legal age and capacity to make this Sworn Declaration.

3. I have personal knowledge of the facts set forth in this Sworn Declaration and am competent to swear to these facts if called as a witness.

4. I submit this Sworn Declaration in opposition to Plaintiff Union Capital LLC's ("**Plaintiff**" or "**UNION**") request pursuant to Fed. R. Civ. P. Rule 65, 28 U.S.C. § 2201, and Fed. R. Civ. P. Rule 56 for preliminary injunctive relief, an expeditious trial on the merits, or, in the alternative summary judgment.

5. 5BARZ has become a victim of UNION's predatory lending practices.

6. 5BARZ entered into an agreement with UNION to borrow $210,000.00 at ten percent (10%) interest per annum, and UNION has funds $105,000 pursuant to the terms of a 144 Note, but has not funded or cancelled their obligation to fund $105,000 pursuant to the terms of a "Back End Note". Union has brought suit against 5BARZ for purported defaults and breaches of the 144 Note in the amount of $105,000 and a Securities Purchase Agreement for $210,000, which documents UNION attached as exhibits to its Complaint. [ECF No. 1]. Copies of the Back End Note, and Collateralized Secured Promissory Note in the amount of $100,000 owed by UNION to 5BARZ have been attached hereto as part of **Exhibit "A"**.

7. The 144 Note was to provide short-term capital to 5BARZ, and seemed to be a simple 10% interest note. It now appears, however, that UNION is a predatory lender that provides "death spiral" financing to distressed companies with ruinous hidden costs and charges that violate public policy and constitute usury.

8. 5BARZ has filed an Answer and Affirmative Defenses [ECF No. 15] to UNION's Complaint. 5BARZ's has denied most of the substantive allegations made by UNION in the Complaint. Further, 5BARZ alleges and asserts twelve (12) affirmative defenses to the claims made by UNION.

9. 5BARZ represents that that the 144 Note and Securities Purchase Agreement that UNION attached to its Complaint do not represent the entire agreement and that the Back End Note and Collateralized Secured Promissory Note of $100,000 due by UNION to 5BARZ represents an integral part of the agreement between the parties. Pursuant to that part of the agreement UNION was obligated to fund a further $100,000 to 5BARZ or cross cancel its payment obligation and back end note. The funding was not made to 5BARZ and the cross

cancellation was not provided by UNION, creating a default by UNION in the agreement and uncertainty as to a basis upon which to proceed.

10. UNION contends that 5BARZ is cash poor and needs financing to continuing operating, and extrapolates that 5BARZ will be unable to satisfy a money judgment. In fact, however, 5BARZ is optimistic and is continuing to attract new investors. 5BARZ's stock is no more or less volatile than any other similarly-situated company. UNION's speculations about 5BARZ's finances are merely speculations, without substance in fact. 5BARZ is an exciting company that has recently entered into landmark deals, is set to roll out Wi-Fi routers in eleven (11) cities across India, and has a next generation product for emerging markets.[1]

11. 5BARZ anticipates that it will continue to grow revenues and progress towards achieving profitability. 5BARZ is certainly not insolvent and has financing necessary to re-pay its outstanding loan obligations. 5BARZ's main concern, instead, is to prevent toxic conversions from severely depressing the market for 5BARZ's stock such that 5BARZ cannot maintain liquidity and shareholder value.

12. Despite assertions to the contrary, 5BARZ's market has been relatively stable over the past six months, generally hovering between $0.05 and $0.09 per share. Due to the toxic structure of UNION'S documents, fluctuations in stock price have little to no impact on the ability to calculate damages that would be owed to UNION. A copy of the Yahoo! Finance market report for 5BARZ the last 6 months is attached hereto as **Exhibit "C"**.

13. At the September 8, 2016 Annual General Meeting of shareholders, 5BARZ shareholders approved an increase to the authorized capital of the Company from 400,000,000 to 600,000,000 shares and reported issued shares at the record date of 367,158,506 shares, which

---

[1] A copy of relevant press releases to support this statement and information is attached hereto and incorporated herein as **Exhibit "B"**.

means that 5BARZ has the ability to issue 232,841,494 more shares.[2] UNION contends it is entitled to 4,299,689 shares. 5BARZ firmly denies that UNION is entitled to 4,299,689 shares, as UNION's calculations are incorrect and drastically overstated. However, even if this Court were to grant UNION's entitlement to 4,299,689 shares, a further increase in authorized shares is not required because 5BARZ has the ability to issue over 232,000,000 more shares. If 5BARZ did not have enough available shares to cover UNION's incorrect alleged entitlement to 4,299,689 shares, then the shareholders are required to increase the number of authorized shares by a vote of the majority. Further, should a proper notice of conversion be provided today, under the terms of the purported agreements, the number of shares to be issued would be significantly less than the 4,299,689 requested by UNION.

14. UNION contends that 5BARZ breached the purported Notes and Securities Purchase Agreements attached to UNION's Complaint by missing filing deadlines with the Securities and Exchange Commission ("**SEC**"). Not only are UNION's assertions incorrect, they also disregard that 5BARZ filed required notifications of late filings as permitted by the SEC.[3]

15. It is also important to note that UNION has unclean hands in this matter and is barred from recovering against 5BARZ. UNION knowingly and intentionally filed and disseminated misleading SEC filings to (i) suppress the value of 5BARZ's stock; (ii) manipulate and mislead the public marketplace; and (iii) damage and/or destroy 5BARZ's reputation. Specifically, UNION publically filed and disseminated a SEC Schedule 13G alleging that UNION is the beneficial owner of 33,758,474 shares of 5BARZ, a copy of which is attached hereto and incorporated herein as **Exhibit "F"**. UNION knew such filing was false at the time it made such

---

[2] *See* 5BARZ SEC Form 10Q for the quarterly period ending on March 31, 2016, which was filed on July 13, 2016, is attached hereto and incorporated herein as **Exhibit "D"**.
[3] A copy of such filings are attached hereto and incorporated herein as **Exhibit "E"**

filing. UNION also publically filed and disseminated a second SEC Schedule 13G alleging that UNION is the beneficial owner of 4,299,689 shares of 5BARZ, a copy of which is attached hereto and incorporated herein as **Exhibit "G"**.

16.  UNION claims that they properly complied with a condition precedent by delivering a compliant Notice of Conversion. However, upon reviewing the Notice of Conversion[4], it was immediately clear that it was invalid. First, the purported conversion notice is not in the specific format required by either version of the Note, which annexes an exemplar of the format a valid notice must take.[5] Further, the purported Notice of Conversion was for an incorrect, miscalculated, and overstated amount of $134,150.29. 5BARZ denies that UNION's claimed amount is accurate and believes it contains improper charges, usurious interest, and unauthorized default fees.

17.  In further opposition of UNION's speculations, granting UNION the relief it seeks would create a grave harm to 5BARZ, causing the sort of death spiral allowing UNION to step ahead of other investors and creditors and to obtain multifold damages for a loan based on expansive and usurious documents.

18.  Such drastic relief constitutes the end-game of predatory lending practices that would cause irreparable harm to 5BARZ and, respectfully, should not be permitted by this Court.

19.  Further, as presented in this Sworn Declaration, there are material facts in dispute that should preclude this Court from granting summary judgment on UNION's claims for specific performance and permanent injunction. Such disputed facts include, but are not limited to, the existence of another signed Back End Note, and promissory note of $100,000 due to 5BARz, the financial information and reports attached to this Sworn Declaration that refute

---

[4] *See [ECF No. 1-4]*
[5] *See* [ECF No. 1-1 at Page 9]; s*ee also* **Exhibit "A"** to this Sworn Declaration at Page 9.

UNION's allegations, and the availability of legal damages, which UNION disingenuously claims are not available.

20. Based upon the foregoing, UNION's request for injunctive relief and summary judgment should be denied, especially considering the Honorable Richard Sullivan denied UNION substantially the same requested relief in a related case in the Southern District of New York, under case style *Union Capital LLC v. Vape Holdings Inc. & Island,* Case No. 16-CV-1343 (RJS).[6]

*[REMAINDER OF PAGE INTENTIONALL LEFT BLANK]*

---

[6] *See* March 9, 2016 Court Order, a copy of which is attached hereto and incorporated herewith as **Exhibit "H"**.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information and statements contained in my Sworn Declaration is true and correct.

Executed in Miami, Florida on September 16, 2016:


Mark Geoghegan

STATE OF FLORIDA          )
COUNTY OF MIAMI-DADE  )

The foregoing Sworn Declaration was acknowledged before me this 16th day of September, 2016, by Mark Geoghegan, as Director of Finance of Defendant 5BARZ International, Inc., who [X] is personally known or [ ] has produced _____ as identification.

SEAL

DANIEL J. POTEREK
MY COMMISSION # FF 000855
EXPIRES: March 25, 2017
Bonded Thru Budget Notary Services

_____
Notary Public

Print Name: Daniel J. Poterek

My Commission Expires: 3/25/2017