UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
UNION CAPITAL LLC,                                           :
:
                      Plaintiff,            :
:
            -v-                                        :
:
5BARZ INTERNATIONAL INC.,                                    :
:
                      Defendant.            :
:
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 5, 2016

16-cv-6203 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

      This matter is before the Court on Union Capital LLC's ("plaintiff's") motion for a preliminary injunction or, in the alternative, for partial summary judgment on its first and fourth causes of action for specific performance and for a permanent injunction, respectively.  (ECF No. 10.)  Plaintiff submitted a Rule 56.1 Statement setting out allegations of undisputed material facts in support of its motion for partial summary judgment as required by the local rules.  (Pl. Rule 56.1 Statement of Undisputed Material Facts ("Pl. 56.1"), ECF No. 12.)  5BARZ International Inc. ("defendant") has not responded to plaintiff's Rule 56.1 Statement as required by the local rules.  Local Civ. R. 56.1(b) ("The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party[.]").  What defendant has submitted instead is the declaration of Mark Geogheghan.  (ECF No. 16.)  This declaration appears geared toward the Rule 65 aspect of the plaintiff's application

and does not respond to the facts concerning breach of contract alleged in plaintiff's Rule 56.1 Statement and its motion for partial summary judgment under Rule 56.

In the Second Circuit, a counseled party's failure to respond to a Rule 56.1 Statement requires any facts asserted in that statement to be deemed admitted. Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for the purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); see also, e.g., T.Y. v. NYC Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009). The facts in plaintiff's Rule 56.1 Statement are deemed admitted by defendant, and as a result defendant "set[s] forth [no] specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(a). The Court therefore GRANTS plaintiff's motion for partial summary judgment on its first and fourth causes of action.

The Court first analyzes whether defendant is liable for its admitted refusal to convert the Note to common stock. The facts in plaintiff's unopposed Rule 56.1 Statement are incorporated here by reference, but inter alia, defendant refused to allow conversion of the Note at the price and in the timeframe required by its contract with plaintiff. (Pl. 56.1 ¶¶ 20, 30.) Defendant also failed to establish the share reserve of common stock required by § 12 of the Note. (Pl. 56.1 ¶ 21; Pl. Ex. A at 6.) Based on the unopposed facts set forth in plaintiff's Rule 56.1 Statement,

defendant materially breached its contractual obligation to enable plaintiff to convert the debt to common stock as provided for the Note.  (Pl. 56.1 ¶¶ 20, 30.)

Finding a clear breach of contract based on the unopposed facts in plaintiff's Rule 56.1 Statement, the Court proceeds to the question of remedies.  Plaintiff requests specific performance and a permanent injunction.  Specific performance of a contract "requires proof that (1) a valid contract exists between the parties, (2) the plaintiff has substantially performed its part of the contract, and (3) plaintiff and defendant are each able to continue performing their parts of the agreement."  Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp., 992 F.2d 430, 433 (2d Cir. 1993).  It also requires a party to show "equitable factors in its favor, for example, the lack of an adequate remedy at law[.]"  Id.  A party seeking specific performance need not prove that legal remedies are nonexistent, but rather that remedies at law are "incomplete and inadequate to accomplish substantial justice."  Leasco Corp. v. Taussig, 473 F.2d 777, 786 (2d Cir. 1972); see also Vacold LLC v. Cerami, 545 F.3d 114, 130 (2d Cir. 2008) ("New York courts routinely aware specific performance in cases involving the conveyance of stock in privately held corporations.").

Plaintiff's Rule 56.1 Statement provides a sufficient basis to support plaintiff's claim for specific performance.  Plaintiff has substantially performed by following the contractual procedures for a Notice of Conversion, and defendant has previously authorized sufficient shares of common stock to perform. (Pl. 56.1 ¶ 19; Pl. Ex. C)  Damages at law would likely be inadequate to compensate plaintiff for its expectancy because, inter alia, defendant has admitted its likely insolvency and

3

doubts about its ability to continue as a going concern.  (Pl. 56.1 ¶ 24.)  Defendant is also subject to several other actions for its alleged breach of other substantially similar convertible note agreements.  (Pl. 56.1 ¶¶ 21-23.)  Moreover, even if defendant could pay damages, the amount is difficult to calculate because the price of defendant's stock fluctuates widely.  (Pl. 56.1 ¶ 43.)  Therefore, remedies at law are inadequate to make plaintiff whole, and the Court grants plaintiff specific performance of the Note.

Plaintiff also seeks a permanent injunction, for which the requirements are more stringent than those for specific performance.  A permanent injunction may issue only when the movant demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).  Plaintiff has met the first and second prongs, as discussed supra.  See Fort v. AFSCME, 375 F. App'x 109, 112 (2d Cir. Apr. 29, 2010) ("[I]rreparable harm is a common element required for either specific performance or injunctive relief[.]") (internal quotation marks omitted).  Based on the amount of defendant's common stock previously authorized as described in the Rule 56.1 Statement, conversion of the Note to common stock would not work a hardship on defendant.  (Pl. Ex. C.)  There is similarly no basis to conclude that the public interest would be affected by a permanent injunction in favor of plaintiff.  Given the

4

admitted facts in the Rule 56.1 Statement, plaintiff has met the standard for a permanent injunction.

It is hereby ORDERED that:

1. Partial summary judgment be entered for plaintiff on its first and fourth causes of action.

2. Defendant must specifically perform the relevant agreements and deliver immediately to plaintiff, and in no event later than October 12, 2016, 4,299,689 shares of its common stock along with the necessary corporate resolutions, and to accept the contractually required legal opinions furnished to it by plaintiff to enable plaintiff to sell such common stock publicly without restriction.

3. Plaintiffs are directed to move for summary judgment within 14 days as to the liability aspect of the remaining causes of action if they seek to pursue them.  If no such motions are filed, the Court will deem those claims abandoned (or, as to the second cause of action, subsumed within the other causes of action), and the Court will dismiss them and enter final judgment.

4. The initial pretrial conference currently scheduled for **Tuesday, October 11, 2016, at 1:30 p.m.** is ADJOURNED.

SO ORDERED.

Dated:   New York, New York
         October 5, 2016

_____
KATHERINE B. FORREST
United States District Judge