USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 9, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
UNION CAPITAL LLC, :
:
                Plaintiff, :    16-cv-6203 (KBF)
:
                -v- :    MEMORANDUM
:    OPINION & ORDER
5BARZ INTERNATIONAL INC., :
:
                Defendant. :
:
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      This matter is before the Court on the motion of plaintiff Union Capital LLC ("Union") for summary judgment on its claims for breach of contract and for costs and attorneys' fees. (ECF No. 25.) For the reasons set forth above, plaintiff's motion for summary judgment at ECF No. 25 is GRANTED in its entirety. Judgment is entered for plaintiff in the amount of $32,677.64 in contract damages and $15,735.95 in costs and attorneys' fees for a total of $48,413.59.

      The resolution of this motion requires a brief overview of the factual and procedural history of this action. The following facts are undisputed unless otherwise noted. On June 17, 2015, defendant 5BARZ International Inc. ("BARZ") executed a Securities Purchase Agreement ("SPA") with Union and issued Union a $105,000 convertible promissory note. (Plaintiff's Rule 56.1 Statement of Undisputed Facts ("Pl. 56.1") ¶ 2, ECF No. 28 at 1.) On June 30, 2016, Union delivered to BARZ a Notice of Conversion demanding the immediately delivery of 4,299,689 shares of BARZ common stock, to which this Court has found Union was

1

entitled under the SPA.  (Id. ¶ 4, ECF No. 28 at 1; see also ECF No. 23.)  BARZ did not deliver the shares.  (Pl. 56.1 ¶ 4.)

On August 4, 2016, Union commenced this action seeking damages, injunctive relief, and attorneys' fees and costs.  (ECF No. 1.)  On October 5, 2016, the Court granted partial summary judgment for Union on its breach of contract claim and ordered specific performance of BARZ's contractual obligation to deliver the common-stock shares to Union.  (ECF No. 23.)  The Court directed plaintiff to move for summary judgment on its remaining claims if it intended to pursue them further, and plaintiff filed the present motion on October 19, 2016.  (ECF No. 25.)  On November 28, 2017, the Court was informed that the parties had reached a settlement in principle and issued an order of discontinuance.  (ECF No. 41.)  Two days later, Union moved to reopen the action for BARZ's failure to comply with the parties' settlement agreement, including failure to make a settlement payment of $25,000.  (ECF No. 42.)  Defense counsel then filed a letter stating that BARZ was "in the process of raising financing and expects that it will be received any day now, and prior to the time by which the Court would need to address the application."  (ECF No. 43 at 1.)  Despite these reassurances and the Court's forbearance, the payment was not made, and the Court restored this matter to its calendar.  (See ECF Nos. 45, 46.)

In a letter from defense counsel filed January 20, 2017, and during a status conference held January 23, 2017, defense counsel again informed the Court that defendant anticipated satisfaction of the outstanding $25,000 settlement payment in the near future.  (See ECF No. 47.)  At the Court's direction, the parties

submitted a joint letter regarding the status of the action and fulfilment of the settlement agreement as of April 5, 2017. (See ECF No. 52.) The parties informed the Court that the settlement agreement had still not been fulfilled, that plaintiff would not accept a settlement payment as of April 5, 2017, and that plaintiff requested that the Court decide the summary judgment motion. (ECF No. 53.) The Court therefore proceeds to resolve the motion at ECF No. 25.

On June 30, 2016, the volume-weighted average price of BARZ common stock was $0.0936/share. (Pl. 56.1 ¶ 7, ECF No. 28 at 2.) The price on October 12, 2016, the date when BARZ delivered the shares pursuant to the Court's order, was $0.086/share, a difference of $0.0076/share. (Id. ¶ 8.) The difference represents a total loss in value of $32,677.64 for the 4,299,689 converted shares between the date when Union demanded conversion of the shares and the date when they were actually delivered. (Id. ¶ 9.)

BARZ does not dispute these facts. Rather, BARZ repeatedly asserts that plaintiff did not have a right to convert under the note—an issue already decided in plaintiff's favor in the Court's October 5, 2016, opinion and order. (See Defendant's Response to Plaintiff's Rule 56.1 Statement of Undisputed Facts ("Def. 56.1") ¶¶ 7, 8, ECF No. 36 at 2.) Defendant also asserts that plaintiff itself caused the decline in share price with fraudulent filings before the U.S. Securities and Exchange Commission. (Id. ¶ 9.) However, defendant fails to provide citations to admissible evidence in its response to plaintiff's Rule 56.1 statement, including for this statement, which renders its response deficient and tantamount to an admission under Local Rule 56.1 and Federal Rule of Civil Procedure 56(e). See, e.g., Senno v.

3

Elmsford Union Free Sch. Dist., 812 F.Supp.2d 454, 458 n.1 (S.D.N.Y.2011); Watt v. N.Y. Botanical Garden, No. 98-cv-1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000) ("[W]here there are no[] citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion."). The Court therefore finds that on these undisputed facts, Union is entitled to contract damages in the amount of the difference between the share price at the time of its conversion demand and at the time the shares were actually transferred.

Plaintiff also seeks $15,735.95 in attorneys' fees and costs. (Fleischmann Affidavit, ECF No. 37-1.) Section 7 of the June 12, 2015, note provides that BARZ "agrees to pay all costs and expenses, including reasonable attorneys' fees and expenses, which may be incurred by [Union] in collecting any amount due under this Note," and section 8 of the note provides, "[i]f [Union] shall commence an action or proceeding to enforce any provisions of this Note, including, without limitation, engaging and attorney, then, if [Union] prevails in such action, [Union] shall be reimbursed by the Company for its attorneys' fees and other costs and expenses incurred in the investigation, preparation and prosecution of such action or proceeding." (Pl. 56.1 ¶ 10.) Section 5(a) of the SPA provides that "[t]he prevailing party shall be entitled to recover from the other party its reasonable attorney's fees and costs." (Id.) Defendant disputes neither the language of the agreements nor the amount of attorneys' fees and costs incurred by plaintiff in successfully pursuing this action. (See Def. 56.1 ¶¶ 10, 11.) The Court therefore finds the forgoing facts regarding plaintiff's claim for attorneys' fees and costs to be undisputed, and holds

4

that plaintiff is contractually entitled to reasonable attorneys' fees and costs incurred in pursuit of its motion for summary judgment.

The reasonableness of a request for attorneys' fees and costs arising under a contract "can be measured by the standards that are used to evaluate fee awards under statutory provisions directing the court to award a 'reasonable' attorney's fee." Sidley Holding Corp. v. Ruderman, No. 08-cv-2513, 2009 WL 6047187, at *16 (S.D.N.Y. Dec. 30, 2009) (citing fee-shifting provisions under 42 U.S.C. § 1988(b) and 11 U.S.C. § 330). To determine a presumptively reasonable fee, courts in this district apply the lodestar method, in which a court multiplies the hours reasonably spent by counsel on the matter by an hourly rate appropriate in the relevant community. See Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 414 (2d Cir. 2010). The Court has reviewed plaintiff's billing documentation in support of its motion, which shows a billing rate of $350/hour and contemporaneous, detailed time entries reflecting the work undertaken in this matter and how much time was spent on each task. See Watson v. E.S. Sutton, Inc., No. 02-cv-2739, 2006 WL 6570643, at *3 (S.D.N.Y. Aug. 11, 2006). The Court has reviewed the time sheets and finds that they reasonably reflect the work performed. The Court also finds that a rate of $350/hour is reasonable for an attorney of Mr. Fleischmann's experience in this district and that plaintiff's counsel's billing records are sufficiently precise to support plaintiff's claims for $15,735.95 in fees and costs.

For the reasons set forth above, plaintiff's motion for summary judgment is GRANTED, and the Court enters judgment for the plaintiff in the amount of

$32,677.64 in contract damages and $15,735.95 in costs and attorneys' fees for a total of $48,413.59.

The Clerk of Court is directed to terminate the motion at ECF No. 25 and to terminate this action.

SO ORDERED.

Dated: New York, New York
May 9, 2017

_____
KATHERINE B. FORREST
United States District Judge